PROB 12C  
(6/16)

Report Date: May 30, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 30, 2025

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Timothy Scott Young, Jr.   Case Number: 0980 2:21CR00076-SAB-1

Address of Offender: ███

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge  
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: April 25, 2023

| | | |
|---|---|---|
| Original Offense: | Failure to Register as a Sex Offender, 18 U.S.C. § 2250 (a) | |
| Original Sentence: | Prison - 464 days; TSR - 60 months | Type of Supervision: Supervised Release |
| Revocation Sentence: (May 15, 2025) | Prison: 34 days TSR- 36 months | |
| Asst. U.S. Attorney: | Michael James Austen Ellis | Date Supervision Commenced: May 15, 2025 |
| Defense Attorney: | Amy H. Rubin | Date Supervision Expires: May 14, 2028 |

### PETITIONING THE COURT

To issue a warrant.

On May 19, 2025, a U.S. Probation Officer reviewed Mr. Young's conditions of supervised release with him. He signed his judgment acknowledging his understanding of his conditions of supervision.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition #13:** You must follow the instructions of the probation officer related to the conditions of supervision.<br><br>**Supporting Evidence:** Mr. Young is in violation of standard condition number 13 by failing to follow the United States Probation Officer's instructions on May 27 through 29, 2025.<br><br>On May 27, 2025, Mr. Young was instructed by a United States Probation Officer that he is to notify the undersigned daily about where he is staying since he does not have stable housing. He was specifically instructed if anything changes regarding his housing, he is to notify the undersigned immediately. Mr. Young has failed to do so. The undersigned is unaware of where Mr. Young has been residing since Monday, May 26, 2025. |

Prob12C
Re: Young, Jr., Timothy Scott
May 30, 2025
Page 2

2   **Standard Condition #5**: You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 calendar days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Supporting Evidence**: It is alleged that Mr. Young is in violation of his supervised release conditions by not residing at his approved housing since May 22, 2025.

On May 16, 2025, A United States Probation Officer instructed Mr. Young to reside at the Truth Ministries Shelter on this date, as it was confirmed they had bed space available. It was confirmed that he was residing at Truth Ministries from May 16 to 21, 2025.

On May 22, 2025, Mr. Young was late for check in at Truth Ministries. Per Truth Ministries policy, an individual residing there must report by 7 p.m. or they are turned away. Mr. Young was aware of the rules and regulations upon his intake on May 16, 2025.

On May 23, 2025, at approximately 6:20 p.m., Mr. Young contacted the undersigned officer and left a voicemail stating he was late for check in at Truth Ministries on May 22, 2025, and will be staying at his girlfriend's adult son's residence. It should be noted, this address has not been verified or approved for Mr. Young to reside due to the concern of Mr. Young's girlfriend's minor children being there.

On May 26, 2025, Mr. Young left the undersigned officer a voicemail advising that he cannot go back to Truth Ministries. He advised he will be looking for other shelters in town and will notify this officer where he is staying by the end of the day. Mr. Young failed to notify the undersigned where he stayed on this night.

On May 27, 2025, the undersigned officer spoke with the director of Truth Ministries and because of his lack of accountability and his very rude attitude toward staff, he was no longer allowed to reside there for at least 30 days. It should be noted, the director advised that he will not be accepted back if his attitude does not change.

On this same date, Mr. Young reported to the United States Probation Office as instructed. During this appointment, Mr. Young was questioned by a United States Probation Officer about where he has been staying. He advised that he has been staying at his girlfriend's adult son's place. Mr. Young submitted a random urinalysis, which returned presumptive positive for alcohol, and he denied use. It was sent to the lab for confirmation and those results are still pending.

While Mr. Young was providing a random urinalysis, a United States Probation Officer spoke with his girlfriend and explained his conditions of supervised release. She provided her adult son's name and date of birth and his girlfriend's name and date of birth, so their criminal records could be run. As a standard practice, any offender under supervision who is requesting to reside with other individuals has their criminal history ran to verify there are no outstanding warrants, no recent criminal history, or any other concerns are found, etc. (It should be noted, Mr. Young's girlfriend failed to provide the proper information as that individual did not exist in the system). Both Mr. Young and his girlfriend stated that she was also staying at her adult son's residence because she no longer had a residence of her own.

Prob12C
Re: Young, Jr., Timothy Scott
May 30, 2025
Page 3

When questioned about her minor children's whereabouts, they both advised that although she still has custody of her children, they are staying at her sister's house right now. It should be noted that this information has not been verified as of this date.

On May 29, 2025, at approximately 7:15 a.m., the undersigned conducted a random home visit at the girlfriend's son's address where Mr. Young advised he was staying. During that visit, the undersigned spoke with Mr. Young's girlfriend's adult son who advised that Mr. Young did not stay there the previous night. When questioned if he has been staying there, he stated, "Thursday, May 22, to Monday, May 26. He has not been here since Monday, May 26, 2025." It is unknown at this time where Mr. Young is currently residing. Mr. Young has been less than truthful about his residence and has failed to make any attempt to provide any accurate information about where he is residing.

The U.S. Probation Office respectfully recommends the Court issue a warrant requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: May 30, 2025

s/Courtney Hambel

Courtney Hambel
U.S. Probation Officer

---

THE COURT ORDERS

[ ]  No Action
[X]  The Issuance of a Warrant
[ ]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

5/30/2025
Date